UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID S. KELLEY,<br><br>Plaintiff,<br><br>ANDREW WILPER, MD, CHIEF OF STAFF FOR THE BOISE VA MEDICAL CENTER<br><br>Defendant. | Case No. 1:20-cv-00295-DCN<br>1:20-cv-00296-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Andrew Wilper's Motion to Dismiss. Dkt. 4.[1] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

Plaintiff David S. Kelley alleges that Defendant Andrew Wilper, the Chief of Staff at the Boise Veterans Affairs (VA) Medical Center both committed medical malpractice

---

[1] For some unknown reason, Kelley filed two identical complaints and paid two separate filing fees. Accordingly, the clerk's office opened two separate civil cases with two distinct case numbers. The Court will use Case No. 1:20-CV-00295-DCN, and all dockets therein in its decision today. Regardless, this decision will likewise apply to Case No. 1:20-cv-00296-DCN.

MEMORANDUM DECISION AND ORDER - 1

and violated the American Disabilities Act of 1990 by refusing to sign an Idaho handicap form. Dkt. 1.

Kelley is a disabled veteran who resides in Boise, Idaho, but regularly visits his primary care doctor in California. Kelley has no desire to switch his primary doctor to one in Idaho. Because Kelley believed that he needed an in-state licensed physician's signature to receive an Idaho handicap parking permit and handicap hunting license, he went to the Boise VA Medical Center on May 25, 2020.

At the VA, Kelley was told that he would need to enroll in the Boise VA primary health care team and establish a primary care doctor in order to receive a signature on the form. Kelley then went to the Veteran's Advocate office for help, who told him that they would look into it. After receiving no assistance there, Kelley approached Wilper in his official role as the Chief of Staff of Boise VA Medical Center.  While Kelley did not directly speak to him, Wilper's office informed Kelley that Wilper would not sign the paperwork, and that Kelley would have to enroll in their primary care system.

On June 15, 2020, Kelley filed the instant complaint against Wilper for his refusal to sign the paperwork. Dkt. 1. On July 17, 2020, Wilper, represented by the United State's Attorney's Office, filed a Motion to Dismiss under both Federal Rule of Procedure 12(b)(1) and 12(b)(6). Dkt. 4.

### III. LEGAL STANDARD

A. <u>Federal Rule of Civil Procedure 12(b)(1):</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction.  A lack of jurisdiction is presumed unless the party

asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

    B. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all

MEMORANDUM DECISION AND ORDER - 3

well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

### IV. DISCUSSION

A. <u>Rule 12(b)(1)</u>

In this case, Wilper contends that Kelley has not exhausted his administrative remedies under the Federal Torts Claim Act (FTCA), and accordingly, this Court lacks jurisdiction and must dismiss the case. Because Kelley did not file an administrative claim with the relevant federal agency prior to filing this suit, the Court agrees that it lacks jurisdiction.

It is well settled that "the FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). While an FTCA claim can assuredly arise from the acts or omissions of United States' agencies or its employees[2]—as alleged in this case—a federal agency and its employees are not subject to suit under the FTCA. *See* 28 U.S.C. §§ 2679(a)-

---

[2] 28 U.S.C. § 2671.

MEMORANDUM DECISION AND ORDER - 4

(b)(1); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). In an FTCA case "the United States is the only proper defendant." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Additionally, the FTCA requires that a plaintiff file an administrative complaint with the relevant federal agency prior to filing suit. 28 U.S.C. § 2675(a).

Here, Kelley is asserting a medical malpractice claim, which falls within the scope of the FTCA because it is predicated upon the alleged negligent or wrongful act of Wilper, who was acting within his official capacity as the Chief of Staff at the Boise VA. Because this claim falls within the scope of the FTCA, Wilper is not the proper defendant. As noted, while Wilper's alleged conduct is at issue in this claim, his actions in his official capacities are all imputed to the United States.

To pursue an FTCA claim, Kelley must first file an administrative tort claim with the Boise VA—the relevant federal government agency. Kelley contends that he has exhausted all avenues of remedies by following "all of Boise VA Medical Center procedures in making a reasonable request for a licensed medical professional's signature." Dkt. 9, at 1. However, Kelley does contend, nor provide any evidence, of filing an administrative tort claim with the Boise VA. As such, Kelley has not exhausted his administrative remedies under the FTCA, and the Court has no jurisdiction to hear this claim. Accordingly, the Court dismisses this claim under 12(b)(1).

B. Rule 12(b)(6)

Kelley has also presented multiple claims under the Americans with Disability Act (ADA). Dkt. 1, at 3. Kelley has alleged claims under Title II, Title IV, and Title V of the

ADA. *Id.* However, Title IV deals with telecommunication services, and no such issues have raised in the Complaint. As such, the Court will only address the claims under Title II and Title V.

Wilper alleges that Kelley has not stated a claim for which relief may be granted under the ADA. Because Kelley has failed to adequately allege that he was denied any benefits or services by reason of his disabilities, the Court agrees that these claims must be dismissed under Rule 12(b)(6).

Under Title II of the ADA, Kelley must demonstrate that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of his disability." 42 U.S.C. § 12132; *see also Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014).

The Ninth Circuit has held that under the fourth prong of a Title II claim, a plaintiff must demonstrate that the exclusion, denial, or discrimination was *solely* based upon their disability. *See Weinreich v. LosAngeles Cty. Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997). In *Weinreich*, the Ninth Circuit found that the Los Angeles County Metropolitan Transportation Authority (MTA) had not discriminated against the plaintiff by denying his recertification for a reduced fare program because he did not submit required updated medical information certifying his eligible disability. *Id.* The court found that this denial was not based upon the plaintiff's disability, but rather the plaintiff's

financial status—as the plaintiff was unable to pay for a private doctor to certify his disability. *Id.* at 979.

Like the plaintiff in *Weinreich,* Kelley has not alleged that he was discriminated against based solely upon his disability. Here, Kelley claims that Wilper denied him access to Boise VA services by refusing to sign the necessary forms for the Idaho Transportation Department disability placard and the Idaho Fish and Game disability hunting and archery permit. However, Kelley does not allege that Wilper's denial was based on Kelley's disability. Rather, as alleged in the Complaint, Wilper's denial of the signature was based on the Boise VA's policy and Kelley's refusal to enroll in the Boise VA Medical Center primary health team.

Without establishing a violation of the ADA under Title II, Kelley is likewise not able to bring a claim under Title V. Title V of the ADA prohibits the retaliation against individuals who oppose unlawful acts under the ADA. 42 U.S.C. § 12203(a). However, as discussed previously, Kelley has not alleged any unlawful acts under the ADA in his Complaint. Because Kelley has not sufficiently alleged a violation of Title II, or any other provision of the ADA, his Title V claim must likewise be dismissed under Rule 12(b)(6).

## V. ORDER

The Court HEREBY ORDERS:

1. Wilper's Motion to Dismiss (Dkt. 4) is GRANTED.

2. Kelley's Complaint is **DISMISSED WITHOUT PREJUDICE.**

3. The Court **GRANTS** Kelley leave to file an Amended Complaint which remedies the legal deficiencies outlined above. Should he choose to do so,

Kelley must file his Amended Complaint within forty-five (45) days of the issuance of this Order. Kelley need only file his Amended Complaint in Case No. 1:20-cv-00295.

4. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

5. The Clerk of the Court shall docket the original order in Case No. 1:20-cv-00295 and file a copy in Case No. 1:20-cv-296. Dkt. 4 in Case 1:20-cv-00296 is GRANTED in accordance with the Court's decision today. Because it is a duplicate case, Case No. 1:20-cv-00296 is DISMISSED WITH PREJUDICE and CLOSED. As noted, all future filings need only happen in Case No. 1:20-cv-00295.

DATED: December 17, 2020

_____
David C. Nye
Chief U.S. District Court Judge